UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ROBERTS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| ENGINEERS AND CONSTRUCTORS INTERNATIONAL, INC., | § § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Anthony Roberts (referred to as "Plaintiff" or "Roberts") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Engineers and Constructors International, Inc. (referred to as "Defendant" or "ECI"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Roberts' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. ECI violated the FLSA by employing Roberts and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. ECI violated the FLSA by failing to maintain accurate time and pay records for Roberts and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Roberts brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Roberts' claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8.  Anthony Roberts is an individual who resides in Harris County, Texas and who was employed by ECI during the last three years.

9.  Engineers and Constructors International, Inc. is a Texas corporation that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Alternatively, if the registered agent of Engineers and Constructors International, Inc. cannot with reasonable diligence be found at the company's registered office, Engineers and Constructors International, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Whenever it is alleged that ECI committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of ECI or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. According to its website, "ECI is a multi-disciplined consulting firm with over 39 years experience in industrial engineering [and] design."

12. ECI does business in the territorial jurisdiction of this Court.

13. ECI employed Roberts as a material coordinator from January 2015 to the present.

14. During Roberts' employment with ECI, he was engaged in commerce or the production of goods for commerce.

15. During Roberts' employment with ECI, the company had employees engaged in commerce or in the production of goods for commerce.

16. During Roberts' employment with ECI, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

17. During Roberts' employment with ECI, the company had an annual gross volume of sales made or business done of at least $500,000.

18. ECI paid Roberts on an hourly basis.

19. During Roberts' employment with ECI, he regularly worked in excess of forty hours per week.

20. ECI knew or reasonably should have known that Roberts worked in excess of forty hours per week.

21. ECI did not pay Roberts overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Instead, ECI paid Roberts at his normal hourly rate (i.e., straight-time rate) for all of the hours he worked.

23. In other words, ECI paid Roberts for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

24. ECI knew or reasonably should have known that Roberts was not exempt from the overtime provisions of the FLSA.

25. ECI failed to maintain accurate time and pay records for Roberts as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. ECI knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27. ECI is liable to Roberts for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28. All straight-time-for-overtime workers employed by ECI are similarly situated to Roberts because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from ECI pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure To Pay Overtime
## in Violation of 29 U.S.C. § 207(a)

29. Roberts adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

30. During Roberts' employment with ECI, he was a nonexempt employee.

31. As a nonexempt employee, ECI was legally obligated to pay Roberts "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

32. ECI did not pay Roberts overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

33. Instead, ECI paid Roberts at his normal hourly rate for all of the hours he worked.

34. In other words, ECI paid Roberts for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

35. If ECI classified Roberts as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36. ECI knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.

37. In other words, ECI willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
## Failure To Maintain Accurate Records
## in Violation of 29 U.S.C. § 211(c)

38. Roberts adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

39. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40. In addition to the pay violations of the FLSA described above, ECI also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

41. Roberts adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. On information and belief, other employees have been victimized by ECI's violations of the FLSA identified above.

43. These employees are similarly situated to Roberts because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44. ECI's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45. Since, on information and belief, Roberts' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46. All employees of ECI, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All straight-time-for-overtime workers employed by ECI during the last three years.

47. ECI is liable to Roberts and the other straight-time-for-overtime workers for the difference between what it actually paid them and what it was legally obligated to pay them.

48. Because ECI knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Roberts and the other straight-time-for-overtime workers their unpaid overtime wages for at least the last three years.

49. ECI is liable to Roberts and the other straight-time-for-overtime workers in an amount equal to their unpaid overtime wages as liquidated damages.

50. ECI is liable to Roberts and the other straight-time-for-overtime workers for their reasonable attorneys' fees and costs.

51. Roberts has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

52. Roberts demands a trial by jury.

## IX. Prayer

53. Roberts prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Roberts and the other straight-time-for-overtime workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Roberts and the other straight-time-for-overtime workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
ANTHONY ROBERTS**